IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:22-CV-498-WKW-KFP |
| CORRECTIONAL OFFICER RICE, SUPPERVISOR, | ) ) ) ) |
| Defendant. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Pro se Plaintiff Charles Brown, an inmate at the Henry County Jail in Abbeville, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Brown brings suit against Correctional Officer Rice alleging Rice violated his constitutional rights by failing to adhere to procedures governing the jail's grievance process. Brown requests injunctive relief. Doc. 1. After review of the Complaint, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

### II. STANDARD OF REVIEW

Because Brown was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a

claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III.   DISCUSSION

The Henry County Jail has an administrative remedy procedure to address inmate complaints. On June 30, 2022, Brown submitted a grievance that was not returned to him until July 12, 2022. Brown complains Rice did not return or respond to his grievance within 72 hours as required by the jail's administrative remedy process. This conduct, Brown alleges, violated his right to due process.[1] Doc. 1 at 2–3.

An essential element of a § 1983 action is that the conduct complained of deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Due Process Clause of the Fourteenth Amendment, no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally

---

[1] Brown states he sent a letter to this Court three weeks before filing this lawsuit regarding the incident challenged in this matter and requests that the Court refer to this letter when addressing his Complaint. Doc. 1 at 2. The Court can only consider pleadings, motions, or other documents filed in a case. Because Brown sent the letter prior to filing this action, it is not a part of the proceedings in this case that the Court can consider or review.

mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted); *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982).

In the context of a county jail setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley*, 997 F.2d at 495 (quotation marks and citation omitted); *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (affirming trial court's dismissal under 28 U.S.C. § 1915A of inmate's challenge to adequacy of prison's grievance procedures, finding "a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure" and that "prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding "[t]here is no legitimate claim of entitlement to a grievance procedure"); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) (citation and internal quotation marks omitted) (finding "[s]tate-created procedural rights that do not

guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory").

Here, that Rice or other jail officials may have failed to comply with procedures attendant to the facility's administrative remedy process or otherwise violated jail administrative procedures, standing alone, provides no basis for relief under § 1983. *See Bingham*, 654 F.3d at 1177–78. Although 42 U.S.C. §1997e(a) requires that an inmate exhaust his available administrative remedies before filing suit under § 1983, "[t]he failure [of officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.§ 1997e(b). *See Lamb v. Gunderson*, No. CIV.A. CV208-61, 2008 WL 4724818, at *1 (S.D. Ga. Oct. 24, 2008) (finding "[t]he only upshot of any failure to respond to [the inmate-plaintiff's] grievances is that such a failure could bar Defendants from relying on 42 U.S.C. § 1997e(a), which mandates that a prisoner must exhaust any available administrative remedies before filing a § 1983 claim with respect to his conditions of confinement"). Therefore, Brown's allegation against Rice for his alleged misconduct or violation of the Henry County Jail's grievance procedure fails to state a claim on which relief may be granted. *Neitzke*, 490 U.S. at 327.

### III. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **October 3, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE